JUSTICE MORRIS
concurs.
¶37 I concur with the Court’s decision to affirm the judgment of the District Court. Rohlfs’s motion for summary judgment presented a facial challenge to the notice provision contained in § 27-1-710(6), MCA. Rohlfs made no as applied challenge to the statute. ¶ 11. Rohlfs’s motion for partial summary judgment alleged simply that “the notice statute upon which Stumble Inn relies is unconstitutional.” Rohlfs concede that they failed to comply with the 180-day notice provision. The notice provision serves to provide an opportunity for purveyors of alcohol to collect and preserve evidence regarding an accident alleged to have occurred as a result of the purveyor’s negligent serving of alcohol. Section 27-1-710(6), MCA.
¶38 In this instance, however, the employees of the Stumble Inn knew immediately after the accident that Warren had been drinking at the Stumble Inn for the 11 hours preceding the accident. ¶ 4. This fact raises the question of whether the notice provision’s purpose had been served. In other words, the employees of the Stumble Inn likely had passed along to the principals of Klemenhagen, L.L.C., d/b/a Stumble Inn, the fact that one of its patrons had loaded up at the bar before plowing into an unsuspecting driver on Highway 93 J Whether this constructive notice blossomed into actual notice presented a question of fact that Rohlfs did not explore.
¶39 Rohlfs instead chose to pursue a facial challenge to the notice provision in its motion for partial summary judgment. Rohlfs raised no issue at the hearing on summary judgment as to whether the *144 principals of Klemenhagen, L.L.C., d/b/a Stumble Inn had actual notice of the accident in light of the information contained in the accident report that the investigating police officers had interviewed employees of the Stumble Tnn right after the accident. The District Court asserted at the outset of the hearing that no genuine issues of material fact existed. Neither party disputed the court’s assertion. Rohlfs also phrase their challenge on appeal broadly as a facial challenge to the notice provision.
¶40 I would have been willing to consider an as applied challenge to the notice provision in light of the fact that the principals of Klemenhagen, L.L.C. d/b/a Stumble Inn likely had actual knowledge of the accident and its role in serving alcohol to Warren in the 11 hours preceding the accident almost immediately after the accident. Rohlfs’s formal notice under § 27-1-710(6), MCA, simply would have informed these principals what they already knew. The principals likely could not have demonstrated prejudice from the Rohlfs’s failure to comply strictly with the notice provision under those circumstances. Compliance with the notice provision under those circumstances would have been a useless act. It is axiomatic that “neither law nor equity require useless acts.” Stockman Bank of Mont. v. Mon-Kota, Inc., 2008 MT 74, ¶ 41, 342 Mont. 115, 180 P.3d 1125.